CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 2 2 2005

JOHN F. CORCORAN, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| HENRY D. BURTON,<br>Petitioner, | )<br>)<br>) Civil Action No. 7:05CV00360<br>) |
| v. | ) **MEMORANDUM OPINION**<br>) |
| COMMONWEALTH OF VIRGINIA,<br>Respondent. | )<br>) By: Hon. Glen E. Conrad<br>) United States District Judge |

Henry D. Burton, a West Virginia inmate proceeding pro se, filed this action as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Burton challenges the validity of his conviction in the Circuit Court for the County of Wythe. For the following reasons, Burton's petition is untimely and must be dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases.[1]

## BACKGROUND

Burton was convicted of robbery on June 7, 2000. On August 29, 2000, the Circuit Court sentenced Burton to a term of life imprisonment. Burton did not file a direct appeal. However, Burton later filed a petition for writ of habeas corpus in the Supreme Court of Virginia, which was dismissed as untimely on March 27, 2003, pursuant to Virginia Code § 8.01-654(A)(2).

Burton filed the instant petition on June 13, 2005. On June 15, 2005, the court conditionally filed the petition and advised Burton that the petition appeared to be untimely. The court directed Burton to submit any additional argument and/or evidence concerning the timeliness of his petition within twenty days. After the time allowed for Burton to provide additional information expired, the court dismissed Burton's petition. Burton then filed a motion

---

[1] Rule 4 provides that the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief...."

for reconsideration on August 1, 2005, in which he alleged that he did not receive a copy of the conditional filing order, and that he did not know that he was required to provide additional information pertaining to the timeliness of his petition. The court granted Burton's motion and reinstated the petition. The court again directed Burton to provide any additional argument and/or evidence concerning the timeliness of his petition within twenty days. Burton responded to the order by filing an amended petition on October 5, 2005. Burton's petition is now ripe for review.[2]

## DISCUSSION

A one-year period of limitation applies to habeas petitions filed under § 2254. 28 U.S.C. § 2244(d)(1). Generally, this period begins to run from the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of the time for seeking direct review. See § 2244(d)(1)(A).[3] In this case, Burton was sentenced on August 29, 2000. Because Burton did not appeal his conviction, it became final on September 28, 2000, the date on which his time to appeal expired. See Va. Sup. Ct. R. 5:9(a). Therefore, Burton had

---

[2] Burton appears to believe that the respondent was required to file a response to his amended petition. On November 18, 2005, Burton filed a motion for summary judgment, in which he contends that he is entitled to judgment as a matter of law, because the respondent has not filed a response. However, since the respondent has not been served with a copy of the petition, Burton's motion for summary judgment must be denied.

[3] Under § 2244, the one-year period of limitation begins to run on the latest of four dates: "(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."
Here, the petitioner has not alleged anything to support the court's reliance on subsections (B), (C), or (D). Therefore, the court concludes that the one-year period of limitation began to run on the date the petitioner's conviction became final.

2

until September 28, 2001 to file a habeas petition under § 2254. Because Burton filed this petition more than three years after the one-year period of limitation expired, and since Burton has not demonstrated any grounds for tolling the one-year period, Burton's petition is untimely.[4] Accordingly, the petition must be dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the petitioner and counsel of record for the respondent.

**ENTER**: This _22ᵈ_ day of November, 2005.

_____
United States District Judge

---

[4] Although the one-year period of limitation is tolled while an inmate's "properly filed application for State post-conviction or other collateral review" ispending, 28 U.S.C. § 2244(d)(2), Burton's state habeas petition did not toll the period of limitation, since it was dismissed as untimely. See Pace v. DiGuglielmo, 125 S.Ct. 1807, 1814 (2005) ("Because the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)."). Moreover, it appears that the state petition was filed after the one-year period of limitation had already expired.

3

Case 7:05-cv-00360-GEC-mfu   Document 11   Filed 11/22/05   Page 3 of 3   Pageid#: 131